UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. <u>12-CR-80072-MARRA</u>

UNITED STATES OF AMERICA

vs.

JOEL LESTER,

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Joel Lester (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the information, which charges the defendant with conspiracy to possess with the intent to distribute a controlled substance analogue, as defined in Title 21, United States Code Section 802(32), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); all in violation of Title 21, United States Code, Sections 846. The defendant agrees and understands that the above charge involves the defendant's conduct, and the conduct of others, between in and about April 1, 2011 and March 30, 2012, in marketing and distributing controlled substance analogues through the defendant's business, Atlas Restoration Inc, d/b/a Nature and Health. This agreement resolves the defendant's federal criminal liability in the Southern District of Florida for any criminal conduct by the defendant related to the above-described scheme, which is known to the United States Attorney's Office for the Southern District of Florida, as of the date of this plea agreement.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a mandatory minimum term of supervised release of 3 years and maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1 million.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be

imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2)

is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Sections 2D1.1(b)(16) and 5C1.2 of the Sentencing Guidelines, the Court reduce the defendant's offense level by two points, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other

judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant

further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the quantity of controlled substance analogue involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is at least ten kilograms but less than twenty kilograms, and that the most closely related controlled substance pursuant to Section 2D1.1, Application Note 5 of the Sentencing Guidelines is marijuana. The parties have no other agreements concerning offense specific characteristics.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to $300,000.00 in United States currency pursuant to Title 21, United States Code, Section 881, which is being forfeited administratively by the Drug Enforcement Administration.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiracy to possess with the intent to distribute controlled substances, removal is presumptively mandatory. Defendant knowingly and voluntarily consents to removal from the United States following completion of his/her sentence, waives any rights relating to any and all forms of relief from removal or exclusion, agrees to abandon

any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/8/12      By: _____
                  STEPHANIE D. EVANS
                  ASSISTANT UNITED STATES ATTORNEY

Date: 6/8/12      By: _____
                  MICHAEL MIRER
                  ATTORNEY FOR DEFENDANT

Date: 6/8/12      By: _____
                  JOEL LESTER
                  DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-CR-80072-MARRA

UNITED STATES OF AMERICA

vs.

JOEL LESTER,

      **Defendant.**
_____ /

## FACTUAL PROFFER

The Government and Joel Lester (hereinafter referred to as the "defendant") jointly agree that had this case gone to trial, the Government would have proven the following facts beyond a reasonable doubt, and that these facts satisfy the elements of the offense to which the defendant is pleading guilty:

1. From at least April 1, 2011, and continuing up to March 30, 2012, the Defendant marketed and distributed synthetic marijuana products through the Defendant's business, Atlas Restoration, Inc. d/b/a/ Nature and Health, in Boca Raton, Florida, in the Southern District of Florida. These synthetic marijuana products included Mr. Nice Guy Strawberry, Mr. Nice Guy Mango, Mr. Nice Guy Relaxinol, Mary Joy, and Blueberry Afterlife. Specifically, the Defendant owned Nature and Health and was responsible for selling and delivering synthetic marijuana products to convenience stores and gas stations where the products were then made available for sale to members of the general public.

2. On March 1, 2011, the DEA placed an emergency ban on many synthetic drugs,

        including the synthetic cannabinoid JWH-018, which made JWH-018 a schedule I drug for one calendar year. This ban was then extended for an additional six months, to September 1, 2012. Laboratory analysis shows that the five varieties of synthetic marijuana listed in paragraph 1 above each contain analogues of JWH-018.

3. Lester knew that the synthetic marijuana products listed in paragraph 1 contained controlled substance analogues. The Defendant knew that these products were chemically similar to scheduled controlled substances and that the products were intended to, and did have, the same effect on the central nervous system as the scheduled controlled substance they were intended to mimic. The Defendant also knew that the synthetic marijuana products were intended for human consumption, even though they were marked "not for human consumption" or were labeled to be potpourri or incense.

4. The Defendant's suppliers agreed and conspired with the Defendant in distributing the synthetic marijuana products with knowledge that the products contained controlled substance analogues and were therefore illegal.

5. During the course of the conspiracy, Lester knowingly distributed and possessed with the intent to distribute at least 10 kilograms, but not more than 20 kilograms of controlled substance analogues.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/8/12          By: *[signature]* /for
                         STEPHANIE D. EVANS
                         ASSISTANT UNITED STATES ATTORNEY

Date: 6/8/12          By: *[signature]*
                         MICHAEL MIRER
                         ATTORNEY FOR DEFENDANT

Date: 6/8/12          By: *[signature]*
                         JOEL LESTER
                         DEFENDANT